**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JULIA A. TERRY and
KEN B. TERRY, her husband,

        Plaintiffs,

vs.                                    CASE NO. 3:06-cv-204-J-32TEM

UNITED STATES OF AMERICA

        Defendant.

_____

## O R D E R

This cause is before the Court on Defendant's Motion For Rule 35 Psychological Examination (Doc. #21, "Motion"), filed October 5, 2007 and Defendant's Request for Expedited Ruling on Motion for Rule 35 Psychological Examination (Doc. #22), filed October 11, 2007.  Defendant seeks to compel Plaintiff Julia A. Terry ("Plaintiff") to submit to a psychological examination by Dr. Carole Giunta, Ph.D. ("Dr. Giunta") on October 17, 2007, from 9:00 a.m. to 5:00 p.m.  For the reasons below, Defendant's motion is hereby **GRANTED**.

Pursuant to Rule 35, Fed. R. Civ. P., when the physical or mental condition of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. Upon review of all documents filed in this case, the Court finds Plaintiff has placed her psychological condition into controversy and that good cause exists for the mental examination.

Plaintiff, in her answers to interrogatories, alleges her pre-existing depression was aggravated by the automobile accident at issue.  (Doc. #21-2, pp. 6-7).  In addition, the

Plaintiff claims memory and concentration problems, "other cognitive type problems," feelings of exhaustion and weakness and increased depression since the accident and attributes these problems to injuries she allegedly suffered in the accident or medications she is taking for such injuries.  (Doc. #21-2, p. 7).

Plaintiff has also listed her psychiatrist, Dr. Kamalesh Pai, M.D., as an individual with knowledge of the issues of damages and causation in this case.  (Doc. #21-9, p. 2); *see Schlunt v. Verizon Directories Sales-West, Inc.*, 2006 WL 1643727, * 3 (M.D. Fla. June 12, 2006) (requiring psychological testing where plaintiff listed mental health provider in initial disclosures, and where plaintiff alleged trouble sleeping and that she had not recovered emotionally).  Furthermore, Plaintiff's expert witness, a disability consultant, contends that Plaintiff's nonexertional limitations, including depression, prevent her from performing the full range of her occupational duties and will further prevent her from performing them in the future.  (Doc. #21-10, Exhibit 9, p. 4 (Report by John Roberts, dated March 28, 2006)).

In light of the foregoing, the Court finds Plaintiff has placed her mental condition in controversy, and that good cause exist for Defendant to have a psychological evaluation performed upon Plaintiff.

Additionally, The Court does not believe Plaintiff should approach the examination with trepidation.  Examinations of this type may in some cases lead to settlement of the case.  Defendant's expert may make findings favorable to Plaintiff's claim, or the findings may narrow the issues left for trial.  *See Bennett  v. White Laboratories, Inc.,* 841 F. Supp. 1155, 1158 (M.D. Fla. 1993).  Although Defendant's expert would not "treat" her in any fashion, Plaintiff would be able to take any diagnosis to professionals of her choice.

The Court further finds Dr. Giunta is acceptable as an appropriate expert to examine Plaintiff.  Dr. Giunta is a licensed clinical psychologist with more than 20 years experience in a variety of mental health positions.  Dr. Giunta has testified as an expert witness in both civil and criminal cases, and has practiced forensic evaluation and consultation for over ten years.  *See* Doc. #21-5, *Curriculum Vitae*, Carole T. Giunta, Ph.D.  The court expects, and has no reason to doubt, that Dr. Giunta will conduct the examination with the decorum and professionalism of a trained and licensed mental health expert.  Therefore, the Court finds Dr. Giunta's qualifications are satisfactory under Rule 35, and that Plaintiff shall submit to a psychological examination performed by Dr. Giunta.

Accordingly, it is hereby **ORDERED:**

1.  Defendant's Motion For Rule 35 Psychological Examination (Doc. #21) is **GRANTED**.

2.  Plaintiff shall submit to a medical examination by Dr. Carole Giunta, Ph.D. at a time mutually convenient to Plaintiff and Dr. Giunta, but in any event **not later than Wednesday, October 17, 2007**.

3.  The examination shall be **no longer than seven (7) hours (exclusive of breaks)**, as proposed in the instant motion.

4.  **Plaintiff shall cooperate and participate in the evaluation in good faith**.

5. The granting of this Order **shall not serve as the basis for seeking a continuance of any dates previously established by this Court or the District Court in this matter**.

6. **Any other objections raised in Plaintiff's Response to Defendant's Motion for Rule 35 Psychological Examination are denied**.

**DONE AND ORDERED** at Jacksonville, Florida this  15th  day of October, 2007.

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
All Counsel of Record
Pro Se Parties, if any