**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JULIA A. TERRY and KEN B. TERRY,

    Plaintiffs,

v.                                                      CASE NO. 3:06-cv-204-J-32TEM

UNITED STATES OF AMERICA,

    Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**[1]

This Federal Tort Claims Act case came before the Court on January 23 - 25, 2008 for a non-jury trial.  At the conclusion of the trial the Court made its findings of fact and conclusions of law on the record, which are attached hereto and incorporated by reference.  Upon reflection, the Court wishes to add some thoughts to those expressed on the record.

This is an auto collision case where a Secret Service agent negligently ran his car into the back of the Mrs. Terry's automobile, causing relatively minor damage to both vehicles.  While the accident itself was not severe, Mrs. Terry contends that the effect on her was pronounced. The government admitted fault and the case was tried on causation and damages only.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

When all was said and done, plaintiffs' attorney asked the Court to award close to $2 million covering both economic and non-economic losses, including a consortium claim. However this was not a $2 million case. The Court, after much deliberation, ended up awarding $479,741.14.

While the Court continues to believe that this award is supported by the evidence, I nevertheless feel it appropriate to provide some explanatory comments. First as to causation: The government's position was that whatever injuries Mrs. Terry was suffering were solely on account of pre-existing conditions. In my view, this was a defensible, though ultimately unmeritorious, position. However, the government's expert medical witness had also opined in his pretrial report that Mrs. Terry's injuries were 50% caused by the accident and 50% by a pre-existing condition, but for some reason the government chose not to introduce that opinion at trial, even as an alternative to its "no causation" theory; thus it could not be considered in reaching a decision. Similarly, the government's pretrial position was that future medical expenses should be limited to the cost of surgery that the government believed would remedy Mrs. Terry's injuries. However, the government's medical expert testified at trial that he was not recommending surgery at this time, only a nerve block which then might lead to surgery. Moreover, the government failed to introduce any evidence of the cost of the nerve block or of the surgery, notwithstanding its $20,000.00 estimate given in the Pretrial Statement. And, other than arguing that Mrs. Terry's estimated future medical costs were too high, the

government gave the Court no other evidence upon which to base its decision. This left the Court only with Mrs. Terry's evidence of future medical costs which ranged from $266,000.00 to a much higher number; despite having some concerns that even the $266,000 figure was too high, the Court awarded the lowest number that had been proven by a preponderance of the evidence, i.e. the $266,000.00.[2]

Likewise, regarding the pain and suffering and loss of consortium awards, the plaintiffs sought over $700,000.00 for pain and suffering and approximately $200,000.00 in consortium damages. The Court awarded $150,000.00 for past and future pain and suffering and $50,000.00 for loss of consortium. The government's position was that the pain and suffering and consortium awards should either be zero or $20,000.00 and $5,000.00, respectively (it was not entirely clear). Nevertheless, the government also provided a 2003 opinion in which Judge Schlesinger had awarded $100,000.00 in pain and suffering in a similar FTCA case to a plaintiff with a shorter life expectancy than Mrs. Terry.

I do not intend to be overly critical of the government or to detract from the plaintiffs' result. Indeed, the government did an admirable job of proving that the past and future wage lost claim - itself over $500,000.00 - was not viable. Rather, I share these thoughts for three reasons: first, to provide some further context and explanation for the result I reached; second, to remind the government (and any other interested party) that, with respect to damages, no less than liability, the more

---

[2] Neither party provided the Court any present value evidence.

specificity and content it brings to the evidence, the more informed the fact-finder's decision will be; and third, I view this case as being confined precisely to its facts and do not regard it as precedent for future cases.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of March, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies to:
Counsel of Record

Attachment